IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN SALAZAR, Secretary, DEPARTMENT OF THE INTERIOR, an agency of the United States, and BUREAU OF LAND MANAGEMENT,<br><br>    Defendants. | Case No.  4: 08-CV-435-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to consolidate filed by plaintiff WWP.  The motion is fully briefed and at issue.  For the reasons explained below, the Court will grant the motion.

## ANALYSIS

WWP seeks to consolidate this case (*"Salazar"*) with *WWP v. Pike*, *Case No. 12-cv-0205-EJL* (*"Pike"*).  Both cases involve challenges to the BLM's grazing decisions on the Battle Creek allotment, and both involve the same parties.  In *Salazar*, the Court has held that the BLM's grazing decisions violated NEPA, FLPMA, and the Fundamentals of Rangeland Health. *See Memorandum Decision (Dkt. No. 171)*.  In *Pike*, WWP is challenging grazing permits issued on the same allotment under the Grazing Rider, Public Law 111-88.  WWP did not challenge those Grazing Rider permits in the original complaint in *Salazar* because they were not issued at the time *Salazar* was filed.

Memorandum Decision & Order - 1

WWP now seeks to consolidate the cases, arguing that they both challenge grazing decisions on the Battle Creek allotment and involve the same parties. The BLM has no objection to consolidation. Intervenors object, arguing that (1) there is no common question of law or fact between the two cases, (2) consolidation will delay the proceedings, and (3) WWP is using consolidation to avoid filing a motion to amend the complaint in *Salazar*, a motion that would have been untimely. Rule 42(a) authorizes the consolidation of cases that share "a common question of law or fact." The Court has broad discretion to order consolidation, *U.S. v. Gray,* 876 F.2d 1411, 1415 (9th Cir. 1989), and in exercising that discretion should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay or expenses that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).

The cases clearly share a common question of fact because both challenge BLM grazing decisions on the Battle Creek allotment, and the same parties are involved in both cases. Moreover, the Grazing Rider permits at issue in *Pike* cite to and incorporate the 2008 Final Grazing Decision held to be unlawful in *Salazar*. To avoid inconsistency, and promote efficiency, the same court should handle both cases. Because this Court has already ruled on issues concerning the Battle Creek allotment and is further along in its proceedings than *Pike*, it makes sense to consolidate the cases here.

Any delay due to the addition of the Grazing Rider issues will be minimal. The Court and parties are now considering how to proceed to the next round of summary judgment proceedings in *Salazar*, and the Grazing Rider issues – which appear to be largely questions of law – could be resolved in the normal course of another round of summary judgment briefing.

Finally, the Court cannot find WWP guilty of using a sharp tactic to avoid limitations on

amendments. The Grazing Rider issue arose well-into the *Salazar* proceedings because those permits were issued at that time, not because WWP delayed its challenge. In the interest of finality and efficiency, the issue needs to be resolved here.

For all these reasons, the Court will grant the motion to consolidate.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to consolidate (docket no. 208 in *WWP v Salazar*, 4:08-CV-435-BLW and docket no. 4 in *WWP v. Pike*, Case No. 12-CV-0205-EJL ) are GRANTED.

IT IS FURTHER ORDERED, that *WWP v. Pike*, Case No. 12-CV-0205-EJL be transferred to this Court and consolidated with the above-entitled case, *WWP v. Salazar*.

IT IS FURTHER ORDERED, that *WWP v. Salazar* be designated as the lead case and that all filings be in that case.

DATED: **August 14, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge